**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **Richard Lee Boyd, # 30898-077,** ) | C/A No. 9:05-1068-CMC-GCK |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **John J. LaManna, Warden of FCI** ) | |
| **Edgefield; and United States of America,** ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This action, filed by a *pro se* federal inmate, is before the court pursuant to 28 U.S.C. § 2241. Petitioner claims the Federal Bureau of Prisons has failed to properly credit time spent in state court custody against his federal sentence.

Petitioner is presently confined at the Federal Correctional Institution in Talladega, Alabama, where he is serving a 120 month term of incarceration after his conviction in the Northern District of Texas for violation of 18 U.S.C. § 922(u) (theft of firearms from a licensed federal firearms dealer), and 18 U.S.C. § 2 (aiding and abetting). At the time of his arrest on the federal charges, Petitioner was in the custody of the State of Texas serving the remainder of a state parole violation sentence. Pursuant to a writ of habeas corpus ad prosequendum he was delivered to federal authorities for sentencing and, subsequently, returned to the Texas state authorities to complete the state parole violation sentence.[1] When he was paroled from the state parole violation, Petitioner was placed into the custody of the

---

[1] The federal court ordered that the federal sentence run concurrently with the state sentence in Dallas County Jail and/or any Texas Department of Corrections facility or unit.

Bureau of Prisons to complete service of his 120 month federal sentence.

It is unclear from the record exactly why Petitioner filed his Petition in the United States District Court for the Northen District of New York, but the court has concluded that he may have been temporarily confined in that district when he filed the Petition against John J. LaManna, the Warden of FCI Edgefield, South Carolina. The record is clear that he was confined at FCI Edgefield, South Carolina, when the Honorable David E. Peebles, United States District Judge for the Northern District of New York, entered an order transferring the case to this district. After the transfer, the Honorable George C. Kosco, United States Magistrate Judge for the District of South Carolina, issued an order directing the Clerk of Court to add the United States of America as a respondent, and authorizing service of the Petition on Respondents. The Respondents filed a motion to dismiss or, in the alternative, for summary judgment. The court advised Petitioner of the summary judgment procedure and the serious consequences if he failed to file a response. Petitioner filed his response in opposition.

In accordance with this court's order of reference and 28 U.S.C. § 636(b), this matter comes before the court with the Report and Recommendation of Magistrate Judge Kosco.

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28

U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge has recommended that the Respondents' motion to dismiss be granted because Petitioner failed to exhaust his administrative remedies prior to filing this habeas action, and has not shown good cause for failing to do so. The Magistrate Judge advised Petitioner of his right to file objections to the Report and the consequences if he failed to do so. Petitioner has filed no objections, but did submit a letter dated November 23, 2005.

The court is unable to determine whether Petitioner's letter of November 23, 2005, which was received by the Clerk on November 28, 2005, was seen by the Magistrate Judge prior to entry of his November 28, 2005, Report and Recommendation. This letter, which asserts that Petitioner has completed exhaustion of all administrative remedies, does not alter the analysis. Petitioner may be able to file a proper Petition now, but the instant action was initiated prior to exhaustion. Moreover, it is incumbent on Petitioner, if he chooses to re-file, to properly allege exhaustion rather than simply provide an address for the court to confirm his assertions.

After reviewing the Petition, the motion, the letter of November 23, 2005, and the Report and Recommendation of the Magistrate Judge, the court concludes that this action should be dismissed without prejudice for failure to exhaust administrative remedies prior to filing. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Therefore, it is hereby **ORDERED** that Respondents' motion to dismiss is **GRANTED,** and this case dismissed without prejudice..

**IT IS SO ORDERED**.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 8, 2006

C:\temp\notesE1EF34\05-1068 Boyd v. LaManna - 2241 - mo to dism granted - adm remedies not exhausted.wpd

4